**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P. O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536  Facsimile
Attorneys for Plaintiff
SIA7573

| | |
|---|---|
| KANTIBHAI PATEL, | UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | CIVIL ACTION NO. |
| v. | Civil Action |
| SEM CONSULTANTS III, Inc., | **COMPLAINT** |
| | **AND JURY DEMAND** |
| Defendant. | |

Plaintiff, Kantibhai Patel, residing at 300 Liberty St., Apt. 6M Little Ferry, New Jersey, by way of Complaint against Defendant, SEM Consultants III, Inc., alleges and says:

### Jurisdiction and Venue

1. Federal question jurisdiction exists pursuant to 28 U.S.C. §1331 because Plaintiff is asserting claims under the Americans with Disabilities Act, 42 U.S.C. §12111 et seq. ("ADA"), and the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

### Facts Common to All Counts
### (Identification of the Parties and Background)

3. Plaintiff Kantibhai Patel ("Plaintiff" or "Patel") was an employee of Defendant, SEM Consultants III, Inc. ("SEM" or "Defendant") from on or about October 17, 2005 through on or about August 7, 2009.

4. SEM is an electrical equipment and component manufacturing company located at 790 Bloomfield Avenue, Clifton, New Jersey 07012.

5. Patel's position with Defendant was that of an electronic assembler, soldering and test technician. In that position, Patel was involved in soldering PC boards, cables and all types of electronic parts. In addition, Patel would assemble cables, PC boards, sensors, panel boards and wiring.

6. On or about January 29, 2009, Patel slipped and fell in the parking lot outside of Defendant.

7. As a result of the fall, Patel was taken to the hospital and then on February 9, 2009, Patel was examined by Dr. David F. Porter, D.O., P.A ("Dr. Porter").

8. Dr. Porter concluded that, as a result of the fall, Patel needed a leave of absence because he suffered head, hip, back, neck and shoulders injuries.

9. Following Dr. Porter's examination of Patel, Patel advised SEM that he needed a disability leave of absence.

10. Thereafter, Patel took a leave of absence from his employment at SEM due to his disabilities.

11. On or about August 3, 2009, Patel returned to work with certain temporary medical restrictions. In particular, Dr. Porter provided a note to SEM which set forth certain reasonable accommodations Patel needed that would enable him to perform the essential function of his jobs. For example, Dr. Porter explained that Patel was restricted from lifting no more than fifteen (15) pounds and bending more than ½ hour at a time.

12. Patel requested reasonable accommodations due to the restrictions set forth by Dr. Porter but Defendant refused to provide any such accommodation or even to engage in the interactive process with Patel.

13. At the end of the work day on August 3, 2009, Patel was confronted by his supervisors and told not to return to work the following day and further told he could not work unless he had no restrictions whatsoever.

14. By letter, dated August 6, 2009 from SEM, Patel was informed that he was being terminated, effective immediately, because SEM, subjectively, without any medical advice, believed that a factory environment would be harmful to Patel based on the restrictions noted by Dr. Porter and would be precarious for SEM. Moreover, the letter indicated that the Company only initially allowed Patel to return to work because it believed he had no medical limitations. Attached hereto as Exhibit "A" is a true copy of the August 6, 2009 letter which states, in pertinent part, as follows:

> "When you called in late July to inform us that you were able to return to work beginning the first week of August…I expected you to be fully able to work without any contingencies (emphasis added)."

15. SEM terminated Patel for alleged inability to perform his duties without engaging in the interactive process with Patel to try and find a reasonable accommodation, to the extent one was needed.

16. As a result of SEM's actions, Patel has suffered and continues to suffer substantial damages.

17. On or about December 30, 2009, Patel filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), that was cross-filed with the New Jersey Division on Civil Rights, based on SEM's discrimination of Patel due to his disability.

18. The EEOC determined that Patel had a disability as defined by the statute and that SEM did not deny knowledge of the disability or that Patel returned to work with certain restrictions related to his disability.

19. The EEOC further determined Patel's restrictions did not interfere with performance of the essential functions of his position but that SEM, nevertheless, arbitrarily decided that Patel could not perform the essential functions of his job with or without a reasonable accommodation.

20. Therefore on June 17, 2010, the EEOC issued a determination finding:

> The evidence as a whole indicates that [the Company] did not wish [Patel] to have any restrictions whatsoever and arbitrarily decided that [Patel] could not perform the essential functions of his position with or without a reasonable accommodation. The evidence further indicates that [the Company] discharged [Patel] for same and also due to a perceived increase in liability related to [Patel] medical condition.

Attached hereto as Exhibit "B" is a true copy of the EEOC's June 17, 2010 Determination.

21. Based on that evidence, the EEOC determined that SEM violated the ADA.

22. On August 23, 2010, the EEOC issued to Patel a right to sue letter.

## FIRST COUNT
### (Failure to Engage in Interactive Process and to Provide Reasonable Accommodation under the ADA)

23. Patel repeats and realleges the preceding allegations of the Complaint as if fully set forth herein.

24. Patel was disabled within the meaning of the ADA.

25. Defendant was under an affirmative obligation to, inter alia, engage in the interactive process and to try to find a reasonable accommodation to the extent one was needed for Patel's disability.

26. Defendant violated the ADA by, inter alia, failing to engage in the interactive process and provide Patel with a reasonable accommodation, to the extent one was needed.

27. As a direct and proximate result thereof, Patel has suffered, and continues to suffer, substantial damages, including severe emotional distress and mental anguish.

28. The actions of Defendant were willful, wanton, malicious and/or in reckless disregard of Patel's rights.

WHEREFORE, Plaintiff Kantibhai Patel demands judgment Defendant SEM Consultants III, as follows:

    A. Equitable relief, including, but not limited to, reinstatement;

    B. Damages;

    C. Punitive damages;

    D. Reasonable attorneys' fees;

    E. Interest;

    F. Costs of suit; and

G.  Such further relief as this Court deems just and equitable under the circumstances.

## SECOND COUNT
### (Failure to Engage in Interactive Process and to Provide Reasonable Accommodation under the LAD)

29.  Patel repeats and realleges the preceding allegations of the Complaint as if fully set forth herein.

30.  Patel was disabled within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq. (the "LAD").

31.  Defendant was under an affirmative obligation to, inter alia, engage in the interactive process and to try to find a reasonable accommodation to the extent one was needed for Patel's disability.

32.  Defendant violated the LAD by, inter alia, failing to engage in the interactive process and provide Patel with a reasonable accommodation, to the extent one was needed.

33.  As a direct and proximate result thereof, Patel has suffered, and continues to suffer, substantial damages, including severe emotional distress and mental anguish.

34.  The actions of Defendant were willful, wanton, malicious and/or in reckless disregard of Patel's rights.

WHEREFORE, Plaintiff Kantibhai Patel demands judgment Defendant SEM Consultants III, as follows:

A.  Equitable relief, including, but not limited to, reinstatement;

B.  Damages;

C.  Punitive damages;

D.  Reasonable attorneys' fees;

  E. Interest;

  F. Costs of suit; and

  G. Such further relief as this Court deems just and equitable under the circumstances.

### THIRD COUNT
### (Violation of ADA- Discrimination)

35. Patel repeats and realleges the preceding allegations of the Complaint as if fully set forth herein.

36. Patel's medical condition is a disability under the ADA and/or was perceived as a disability by Defendant and was a determinative factor in Defendant's decision to suspend and terminate Patel.

37. Patel was discriminated against due to his disability and/or perceived disability in violation of the ADA.

38. As a direct and proximate result thereof, Patel has suffered, and continues to suffer, substantial damages, including severe emotional distress and mental anguish.

39. The actions of Defendant were willful, wanton, malicious and/or in reckless disregard of Patel's rights.

WHEREFORE, Plaintiff Kantibhai Patel demands judgment Defendant SEM Consultants, III, as follows:

  A. Equitable relief, including, but not limited to, reinstatement;

  B. Damages;

  C. Punitive damages;

  D. Reasonable attorneys' fees;

  E. Interest;

  F. Costs of suit; and

  G. Such further relief as this Court deems just and equitable under the circumstances.

## FOURTH COUNT
### (Violation of LAD Discrimination)

40. Patel repeats and realleges the preceding allegations of the Complaint as if fully set forth herein.

41. Patel's medical condition is a disability under the LAD and/or was perceived as a disability by Defendant and was a determinative factor in Defendant's decision to suspend and terminate Patel.

42. Patel was discriminated against due to his disability and/or perceived disability in violation of the LAD.

43. As a direct and proximate result thereof, Patel has suffered, and continues to suffer, substantial damages, including severe emotional distress and mental anguish.

44. The actions of Defendant were willful, wanton, malicious and/or in reckless disregard of Patel's rights.

WHEREFORE, Plaintiff Kantibhai Patel demands judgment Defendant SEM Consultants, III, as follows:

  A. Equitable relief, including, but not limited to, reinstatement;

  B. Damages;

  C. Punitive damages;

  D. Reasonable attorneys' fees;

  E. Interest;

  F. Costs of suit; and

G.   Such further relief as this Court deems just and equitable under the circumstances.

## FIFTH COUNT
### (Retaliation in Violation of FMLA)

45.   Patel repeats and realleges the preceding allegations of the Complaint as if fully set forth herein.

46.   Upon Patel's return from FMLA, Defendant retaliated against Patel for taking the medical leave of absence to which he was entitled under law. Defendant's retaliation includes, but is not limited to, SEM's termination of Patel upon his return from his leave of absence.

47.   As a direct and proximate result thereof, Patel has suffered, and continues to suffer, substantial damages, including severe emotional distress and mental anguish.

48.   The actions of Defendant were willful, wanton, malicious and/or in reckless disregard of Patel's rights.

WHEREFORE, Plaintiff Kantibhai Patel demands judgment Defendant SEM Consultants, III, as follows:

A.   Equitable relief, including, but not limited to, reinstatement;

B.   Damages;

C.   Punitive damages;

D.   Reasonable attorneys' fees;

E.   Interest;

F.   Costs of suit; and

G.   Such further relief as this Court deems just and equitable under the circumstances.

40000/0495-7135519v1

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Attorneys for Plaintiff


By:  /s/ Steven I. Adler
     Steven I. Adler

DATED: November 17, 2010

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

                                                                                                    /s/ Steven I. Adler
                                                                                                      STEVEN I. ADLER

DATED: November 17, 2010