**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING JR. FEDERAL BUILDING<br>50 WALNUT ST., ROOM 5060<br>NEWARK, NJ 07101<br>973-645-5903 |

**<u>LETTER ORDER</u>**

March 31, 2011

Steven I. Adler
Cole, Schotz, Meisel, Forman & Leonard, P.A.
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
*Counsel for Plaintiff*

Arthur M. Peslak
Gertner, Mandel & Peslak, LLC
P.O. Box 499
Lakewood, NJ 08701
*Counsel for Defendant*

**Re:** *Kantibhai v. SEM Consultants III, Inc.*, **Civil Action No. 2:10-cv-06015-SDW-MCA**

Dear Parties:

Before the Court is Defendant's, SEM Consultants III, Inc., Motion to Dismiss the Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, this Court grants Defendant's Motion.

**Factual Background and Procedural History**

This action arises out of the Complaint filed by Plaintiff Kantibhai Patel[1], asserting that Defendant violated Plaintiff's rights under the American with Disabilities Act, 42 U.S.C. § 12111 ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2611 ("FMLA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 ("NJLAD"). (Compl. ¶¶ 1, 32, 42 Nov. 17, 2010.) Plaintiff alleges Defendant violated both federal and state laws, specifically the ADA and the NJLAD, by failing to engage in the "interactive process" and to "provide reasonable accommodation." (Compl. ¶¶ 25-32.) Plaintiff also alleges Defendant discriminated against Plaintiff in violation of the ADA and the NJLAD. (Compl. ¶¶ 35-37, 40-42.) Lastly, Plaintiff asserts Defendant retaliated against Plaintiff in violation of the FMLA. (Compl. ¶ 46.)

Plaintiff currently lives in Little Ferry, New Jersey. (Compl. 1.) Defendant is a manufacturing company located in Clifton, New Jersey. (Compl. ¶ 4.) In 2008 and 2009, Defendant had less than fifteen employees. (Def.'s Ex. A; Birch Decl. ¶¶ 4, 13, Jan. 20, 2011.) Plaintiff worked for Defendant as an assembler and technician from on or about October 17, 2005, until on or about August 7, 2009. (Compl. ¶¶ 3, 5; Pl.'s Ex. A at 1.) On or about January 29, 2009, Plaintiff suffered numerous injuries when he slipped and fell in the parking lot outside of Defendant's office. (Compl. ¶¶ 6-8; Birch Decl. ¶ 2.) From January 29, 2009, until August 3, 2009, Plaintiff took a leave of absence at the behest of his treating physician, Dr. David F. Porter. (Compl. ¶¶ 7-10.) Until July 2009, he collected disability insurance payments. (Birch Decl. ¶ 3.) On August 3, 2009, Plaintiff returned to work with a medical note from Dr. Porter, which listed certain accommodations that Plaintiff needed in order to perform his job without further

---

[1] Plaintiff's name is not properly listed on the caption. For the purposes of our discussion, Plaintiff will be known as Kantibhai Patel, first and last name respectively.

2

exacerbating his physical injuries. (Compl. ¶ 11.) At the close of business, Plaintiff alleges his supervisor informed him not to return to work. (Compl. ¶ 13.) In a letter dated August 6, 2009, Defendant terminated Plaintiff's employment because, considering Plaintiff's condition and his physical restrictions, the requirements of his job make the "factory environment . . . harmful . . . and would be precarious for [Defendant]." (Pl.'s Ex. A.)

After his termination, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (Pl.'s Ex. B at 1.) On June 17, 2010, the EEOC determined that Defendant discriminated against Plaintiff in violation of the ADA. (*Id.*) Subsequently, Plaintiff filed the Complaint with this Court and Defendant submitted this Motion.

**Discussion**

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

3

> requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> [*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556–57, 570) (internal citations omitted).]

Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to demonstrate "that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). *Id.*

*ADA Claims*

In employment discrimination actions brought under the ADA, a plaintiff must overcome a three-part test. *Reddinger v. Hosp. Cent. Servs., Inc.*, 4 F. Supp. 2d 405, 408 (E.D.Pa. 1998) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see also Bragdon v. Abbott*, 524 U.S. 624, 631 (1998). First, Plaintiff must establish a prima facie case of discrimination. *Id.* Second, "[u]pon establishing a prima facie case, the burden of production shifts to the defendant to articulate some legitimate, non-discriminatory reason for the employee's termination which may be accomplished by introducing evidence . . . ." *Id.* Lastly, Plaintiff must overcome a challenge by Defendant that a "non-discriminatory reason for the unfavorable employment decision," cannot be concluded. *Id.*

In this case, in order to establish a prima facie case for discrimination under the ADA, Plaintiff must prove that Defendant is considered an "employer" under the ADA. *Clements v. Hous. Auth.*, 532 F. Supp. 2d 700, 704-705 (D.N.J. 2007). For purposes of the ADA, "employer" is defined as "a person engaged in an industry affecting commerce who has [fifteen]

4

or more employees for each working day in each of [twenty] or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . ." 42 U.S.C. § 12111(5)(A).[2]  In this case, Defendant produced two documents, namely a copy of the company's payroll and a declaration from Arthur Birch, Defendant's President, showing that Defendant employed less than fifteen employees from August 1, 2009, until August 7, 2009. (Def.'s Ex. A; Birch Decl. ¶¶ 4, 12-13.)  Plaintiff posits that the two documents furnished by Defendant were invalid, but Plaintiff did not refute or challenge Defendant's figures with any documents of his own. (Pl.'s Reply 3-4, Feb. 3, 2011.)  Furthermore, the burden is on Plaintiff to establish this preliminary matter of "employer."  Plaintiff did not meet his burden. *Reddinger*, 4 F. Supp. 2d at 408.  Plaintiff has not convinced this Court that Defendant employed more than fifteen employees during that period.  Because Plaintiff did not prevail on the "employer" element under the ADA, this Court grants Defendant's motion to dismiss as to Counts One and Three.

*FMLA Claims*

Next, we review Plaintiff's assertion that Defendant violated the FMLA.  To establish a prima facie case under the FMLA, Plaintiff must again prove Defendant is an "employer."  If Plaintiff cannot prove that Defendant, "employs the requisite minimum number of employees, dismissal of an FMLA claim is proper." *Clements*, 532 F. Supp. 2d at 710.  Under the FMLA, "employer . . . means any person engaged in commerce or in any industry or activity affecting commerce who employs [fifty] or more employees for each working day during each of [twenty] or more calendar work weeks in the current or preceding calendar year . . . ." 29 U.S.C. §

---

[2] It is important to note the legislative intent behind the "employer" requirement.  Similar to Title VII, Congress intended to "spare very small businesses" from liability. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504 (2006).

2611(4)(A)(i).  Since Plaintiff failed the ADA's lower threshold requirement of fifteen employees, Plaintiff does not satisfy the FMLA's "requisite minimum number of employees." *Clements*, 532 F. Supp. at 710.  Accordingly, this Court grants Defendant's motion to dismiss as to Count Five.

*Pendent State Claims*

Finally, Plaintiff's complaint includes two pendent state claims.  The federal courts have the authority to review pendent state claims if the federal and state claims "derive from a common nucleus of operative fact" and the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* at 726.  More importantly, this Court has "discretion to retain jurisdiction over the remaining state claims." *Rogin v. Bensalem Twp.*, 616 F.2d 680, 697 (3d Cir. 1980) (citing *Rosado v. Wyman*, 397 U.S. 397, 402-403 (1970)).  Therefore, we decline to retain jurisdiction over the pendent state claims.

**Conclusion**

For the reasons stated above, this Court dismisses all federal claims against Defendant and declines to exercise supplemental jurisdiction over Plaintiff's NJLAD claims.

**SO ORDERED.**

/s Susan D. Wigenton, U.S.D.J

Orig.: Clerk
cc: Hon. Madeline Cox Arleo, U.S.M.J.